IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZINDA POLLARD-SHILLINGFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMY WILSON, SAMANTHA SAWYER, ) <br> UNIVERSITY OF SOUTHERN INDIANA, ) <br> ) <br> Defendants. ) | No. 19 C 0088 <br><br> Judge Jorge Alonso |

**ORDER**

This case is transferred to the United States District Court for the Southern District of Indiana. The case is terminated on this Court's docket.

**STATEMENT**

On February 7, 2019, upon an initial screening pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), this Court dismissed plaintiff Zinda Pollard-Shillingford's complaint for failure to state a claim. (Feb. 7, 2019 Order, ECF No. 9.) Plaintiff has submitted an amended complaint describing her dispute more fully, and the amended complaint is now before the Court for its initial screening.

Plaintiff, a student in a bachelor's degree program at the University of Southern Indiana, applied to that university's program in Diagnostic Medical Sonography, but she was not admitted. Upon interviewing with the admissions committee, she was asked allegedly discriminatory questions about whether she had any "difficulties" that might affect her performance in the program, and she was told that she should retake certain classes to raise her GPA to a 3.8, although the advertised minimum GPA for the program is a 3.0. After plaintiff was not admitted, she had a follow-up meeting with the individual defendants, in which she asked for feedback on how she might be able to improve her application to increase her chances of being admitted in the future. At that meeting, "defendant" (it is unclear which) told her that the sonography program is "not the right fit" for her and she should pursue another career path. Plaintiff suffers from "juvenile rheumatoid arthritis," and she believes this disability was the real reason she was not admitted to the program.

Whether even these fuller allegations state a plausible claim of disability discrimination is a borderline proposition; plaintiff does not suggest any reason, legitimate or otherwise, why her claimed disability should have played any role in defendants' admissions decision, nor does the Court see any. But, bearing in mind that the "plausibility standard is not akin to a probability requirement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that a plaintiff's *pro se* complaint

must be construed liberally, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013), the Court concludes that plaintiff's allegations are sufficient to state a claim.

Nevertheless, plaintiff's allegations reveal a different problem: this case belongs in Indiana. The federal venue statute provides as follows:

> A civil action may be brought in—
>
> **(1)** *a judicial district in which any defendant resides*, if all defendants are residents of the State in which the district is located;
> **(2)** *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,* or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (emphasis added). When a plaintiff files an action in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

Based on plaintiff's allegations, it appears that the defendants all reside in Indiana. Further, it appears that the discriminatory acts on which plaintiff's claim is based all took place in Indiana. At most, plaintiff may have felt the injury here in Illinois, but in a case such as this, that is not a sufficient connection to lay venue in Illinois, if the defendants reside elsewhere and the wrongful acts that caused the injury took place elsewhere. *See Clark Prods., Inc. v. Rymal*, No. 02 C 6893, 2002 WL 31572569, at *4 (N.D. Ill. Nov. 19, 2002). Critically, with respect to whether a "substantial part of the events . . . giving rise to the claim occurred" in a particular district, courts should "focus on the activities of the defendant," not the plaintiff.[1] *PKWare, Inc. v. Timothy L. Meade & Ascent Sols.*, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000). Plaintiff's home address is in Illinois, but everything else giving rise to plaintiff's claim, all relevant places, people, and events, are in Indiana. Under these circumstances, venue is improper here in the Northern District of Illinois; instead, this case belongs in the Southern District of Indiana (which, the Court notes, has an Evansville division). In the interest of justice and pursuant to 28 U.S.C. § 1406(a), the Court transfers this action to the United States District Court for the Southern District of Indiana.

---

[1] It also appears, for similar reasons, that the Court lacks personal jurisdiction over defendants. Plaintiff does not describe any contacts defendants might have had with the state of Illinois, apart from the fact that plaintiff's home address is in Illinois—but that is not a relevant contact for purposes of personal jurisdiction because it is *defendants'* relationship with Illinois, not plaintiff's, that matters. *See Brook v. McCormley*, 873 F.3d 549, 553 (7th Cir. 2017).

3

**SO ORDERED.**　　　　　　　　　　　　　　**ENTERED: February 28, 2019**

　　　　　　　　　　　　　　　　　　　　　　———————————————
　　　　　　　　　　　　　　　　　　　　　　**HON. JORGE ALONSO**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**